UNITED STATES of America ex rel. Leo CARSON, alias Frank Clay, Relator-Appellant,

v.

Walter H. WILKINS, Warden, Attica State Prison, and the People of the State of New York, Respondents-Appellees.

No. 419, Docket 26090.

United States Court of Appeals Second Circuit.

Argued June 21, 1961.

Decided July 6, 1961.

Edward Q. Carr, Jr., New York City (Anthony F. Marra, New York City, on the brief), for relator-appellant.

Norman Friedman, Asst. Atty. Gen. of State of New York (Louis J. Lefkowitz, Atty. Gen., and Irving Galt, Asst. Sol. Gen., New York City, on the brief), for respondents-appellees.

Before CLARK and SMITH, Circuit Judges, and DAWSON, District Judge.

DAWSON, District Judge.

This is an appeal from an order of the United States District Court for the Western District of New York, which dismissed relator's application for a writ of habeas corpus after a full hearing held on October 13, 1959, before Chief Judge Burke of that district. Thereafter Judge Burke granted relator's application for a certificate of probable cause and leave to appeal *in forma pauperis*. On June 10, 1960, this court granted relator's request for assignment of counsel.

The relator is presently incarcerated in a New York State prison as a second felony offender, following his 1945 conviction of the crime of robbery in the third degree.

In this proceeding relator challenged his sentence and detention as a second felony offender. His first felony conviction was for burglary in the third degree, following his plea of guilty on November 2, 1942, in the Oneida (N.Y.) County Court. It is the position of relator that the 1942 judgment of conviction was invalid on the ground that at the time of his plea of guilty he was not represented by counsel; that such conviction, therefore, was in violation of relator's rights under the Fourteenth Amendment of the Constitution of the United States.

The District Court held a hearing on October 13, 1959, on the application for a writ of habeas corpus, at which relator testified in full.

The record indicates that on October 24, 1942, relator appeared in Oneida County Court on charges of burglary in the third degree and petit larceny. The County Court directed that defendant's grandmother be notified that he would be arraigned on November 2, 1942. Defendant appeared in Oneida County Court on November 2, 1942. The judge advised him of his legal rights, and in pursuance of the provisions of section 308, Code of Criminal Procedure of New York, asked him if he desired the aid of counsel and offered to assign counsel to him. The relator admitted at the habeas corpus hearing that the judge of the Oneida County Court had offered to assign counsel to him and that he intentionally refused the offer, stating that he desired to plead guilty and put himself "on the mercy" of the court. He had then pleaded guilty. The court sentenced him to three months and fifteen days in the county jail.

Relator admitted that when he pleaded guilty he had been asked in open court, by the judge, his name, age, education, etc. Judge Burke found that he intentionally deceived the court into believing he was then nineteen years of age, although he found him to be slightly under the age of seventeen years at that time. Judge Burke also found that relator had represented himself to the Oneida County Court to be married at the time he pleaded guilty and as having had a first

year high school education. Judge Burke held:

"I find that despite his age and the lack of counsel that no element of unfairness attended the proceedings resulting in the judgment and sentence of the Oneida County Court."

He further found that the judge of the Oneida County Court, in connection with these proceedings, "exercised meticulous care to assure that the relator would receive a fair hearing in the proceedings."

There can be little dispute from the record that the relator intentionally and knowingly waived the offer of counsel in order to get the proceedings over with promptly and, as he said, put himself on "the mercy of the court." He apparently told the judge of the County Court that he was nineteen years of age, married and had at least one year of high school education. There is no evidence that the judge could have suspected from anything that appeared in the hearing that the statements of the relator were not correct and that relator, when refusing the aid of counsel, failed to do so knowingly and intentionally. Nor is there any indication that the services of counsel would have resulted in any different disposition of the case in the Oneida County Court, since the charge was one for which relator, apparently, had no defense and did not desire to offer any defense.

This therefore presents a bald question as to whether a conviction in a state court may be upset where a defendant pleads guilty, without advice of counsel, even though he has knowingly and intentionally waived the assistance of counsel offered to him by the court. While under the Sixth Amendment all criminal defendants in federal courts are entitled to the assistance of counsel, it has been held that the Due Process Clause of the Fourteenth Amendment does not impose the same requirement upon the states, unless the absence of counsel renders the

state court proceeding "a denial of fundamental fairness, shocking to the universal sense of justice * * *," Betts v. Brady, 1942, 316 U.S. 455, 462, 62 S. Ct. 1252, 1256, 86 L.Ed. 1595; Foster v. People of State of Illinois, 1947, 332 U.S. 134, 67 S.Ct. 1716, 91 L.Ed. 1955. See to the same effect, Quicksall v. People of State of Michigan, 1950, 339 U.S. 660, 70 S.Ct. 910, 94 L.Ed. 1188. See also, McNeal v. Culver, 1961, 365 U.S. 109, 111, 81 S.Ct. 413, 5 L.Ed.2d 445.[1]

In the present case relator admittedly was advised of his rights and offered the assistance of counsel. The appellant's brief admits that relator received "fair treatment from the court." This court held in United States ex rel. Marcial v. Fay, 2 Cir., 1957, 247 F.2d 662, 667, certiorari denied 1958, 355 U.S. 915, 78 S.Ct. 342, 2 L.Ed.2d 274, that

" * * * where a conviction in a non-capital case has been based upon a plea of guilty in a state court, a mere allegation that petitioner was of low intelligence and neither had nor was offered a lawyer at the time the plea was entered will not suffice. * * * There must be some showing that the attendant circumstances were such as to make it appear that there was some essential unfairness in the state court proceedings."

The relator did not show in the present case that there was some "essential unfairness" in the state court proceedings. He knowingly and intentionally avoided the appointment of counsel and has not shown that if he had the assistance of counsel any different result would have been forthcoming in the Oneida County Court. Denial of the writ of habeas corpus was proper.

The court expresses its appreciation for the able representation of the relator afforded by The Legal Aid Society of New York and Mr. Edward Q. Carr, Jr.

Affirmed.

1. In this case Justices Douglas and Brennan indicated that they believed that the decision of Betts v. Brady should be overruled. However, the majority of the Court did not join in this concurring opinion of these two Justices. It therefore appears that the decision of Betts v. Brady still expresses the rule to be followed.